UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CHARLES SCHWAB & CO., Inc.,

Plaintiff,

v.

KAREN JENSEN OZIAS; STACIE BUTLER TREXEL; and JOHN L. BUTLER,

Defendants.

Case No. 1:25-cv-00111-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court are three Motions: Defendant John Butler's "Special Appearance and Motion to Dismiss" (Dkt. 15); Defendant Karen Ozias's Motion for Summary Judgment (Dkt. 21); and John Butler's Motion to Dismiss on behalf of himself and/or the Estate of Karen Ozias (Dkt. 29). Upon review, and for the reasons set forth below, all three motions are DENIED.[1]

## II. BACKGROUND

This case reads like fact pattern from law school.

Plaintiff Charles Schwab & Co., Inc. ("Schwab") maintains two brokerage accounts on behalf of Defendant Karen Ozias worth just shy of $2 million dollars.

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B).

Defendants Trexel and Butler are the adult children of Defendant Ozias.

In 2023, Trexel initiated guardianship and conservatorship proceedings in Idaho state court based upon her belief that Ozias lacked mental capacity.

A bitter fight between Trexel and Butler ensued. Allegations of collusion, financial abuse, and elder abuse were levied. Attorneys who were involved were also accused of exercising undue influence, misrepresentations, and assisting in fraud. Despite various court orders, certain parties (and attorneys) continued to assert entitlement to the funds held by Schwab. State court orders were appealed, parties moved between states (to defeat jurisdictional requirements), and the battle continued.

In the face of all this confusion, Schwab filed the instant interpleader action on February 28, 2025. Dkt. 1. Schwab could not weigh in on, or otherwise adjudicate, the competing claims on Ozias's accounts, so it sought to deposit the funds with the Court and let the Court decide who is legally entitled to the money.

On April 16, 2025, Butler filed a "special appearance" on his own behalf and moved to dismiss Schwab's Complaint based on a lack of jurisdiction, venue, and for failure to state a claim. *See generally* Dkt. 15. Schwab opposed the motion. Dkt. 19.

On May 28, 2025, Ozias filed a Motion for Summary Judgment claiming judgment in her favor was appropriate because the underlying state court proceedings had concluded. Dkt. 21. Schwab opposed the Motion. Dkt. 25.

Ozias passed away on November 23, 2025.

On February 11, 2026, Butler—purportedly acting as personal representative of

Ozias's Estate[2]—filed a Motion to Dismiss. Dkt. 29. Again, Butler suggested the Court lacked jurisdiction. He further alleged the case was moot in light of Ozias's death, that Schwab had improperly filed this action in the first place, and that Schwab was illegally continuing to hold the disputed funds. Schwab opposed the Motion. Dkt. 30.

Trexel then passed away on May 4, 2026.

Schwab recently filed a Motion to Amend/Correct Complaint to substitute the Estates of Ozias and Trexel and to add allegations based upon the aforementioned events. Dkt. 39. That motion just became ripe and will not be addressed in this order today. A decision on that motion will follow shortly.

## III. DISCUSSION

Each of the pending motions must be denied for procedural and substantive reasons.

Turning to Butler's first Motion to Dismiss, the Court finds the arguments lack merit. The Court has subject matter jurisdiction over this rule interpleader action because Schwab (a citizen of Texas) is diverse from each claimant (none of the claimants are citizens of Texas) and the amount in controversy (roughly $2 million) exceeds $75,000. *See* 28 U.S.C. § 1332. Personal jurisdiction is also proper because Butler has continuous and systematic contacts with the state of Idaho.[3] And, again, the events in question occurred

[2] Ozias's Estate is not a party to this action. When this was pointed out to Butler, he clarified that he was making those dismissal arguments in his personal capacity as a defendant in this case and not on behalf of Ozias's estate. *See* Dkt. 32.

[3] Alternatively, Butler is subject to this Court's specific personal jurisdiction. The Idaho long arm service law permits service to the full extent of the Due Process clause, *see Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987), Butler has purposely availed himself of the benefits of Idaho's laws and legal system by extensively litigating the Idaho state guardianship action in Idaho's Fourth Judicial District, *see* Dkt. 1-3, Schwab's interpleader action plainly arises out of Butler's contacts with the state guardianship proceedings,

almost exclusively in Idaho so venue is likewise proper. *See* 28 U.S.C. § 1391(b)(2). Dismissal is not appropriate and the motion is denied.

Next, Ozias's Motion for Summary Judgment. First, Ozias is deceased. Whether her motion continues after her death is a complicated question. But the Court need not address that because the premise of her motion—that the underlying guardianship and conservatorship proceedings are complete—is both right and wrong at the same time. Ozias death necessarily ends the state guardianship proceedings. But when Ozias filed this motion, the state court matters were ongoing. Factual disagreements existed then as to the rightful owner of the funds. Factual disagreements persist now. Summary Judgment is, therefore, not appropriate and the motion is denied.

Finally, as for Butler's second motion to dismiss—on behalf of himself and/or Ozias's Estates—the Court likewise finds the arguments meritless. Jurisdiction and venue are proper. Schwab's filing was also proper. It was thrust into a highly contentious dispute between a brother and sister over their incapacitated mother's money and appropriately initiated an interpleader action based upon the competing demands.[4] Finally, this case is not moot even with Ozias's passing. This motion is also denied.

Any party wishing to file a response to Schwab's Motion to Amend/Correct Complaint may do so in accordance with the local rules. The Court is not making a

---

and the Court is aware of no facts indicating personal jurisdiction would be unreasonable in light of Butler's litigation of the guardianship action. *See Cox v. Gritman Med. Ctr.*, 170 F.4th 724, 734–35 (9th Cir. 2026).

[4] Schwab received demands not only from Butler and Trexel, but purportedly from Ozias herself—through her attorney James Bendell. Remarkable, Ozias claimed on occasion not to know Bendall, asserted he was not her attorney, and there are indications Bendell was working in conjunction with Butler. Butler and Bendall repeatedly threatened, and Butler continues to threaten, a multitude of claims against Schwab.

determination as to that motion or any prospective amended complaint at this time. The Court notes, however, that—consistent with its discussions with the parties off the record—it is likely necessary to amend the complaint at this point to move towards a resolution.

But the Court does hold that, based upon the original Complaint and the subsequent factual developments, the pending motions to dismiss and for summary judgment are not supported by the record and must be DENIED.

**V. ORDER**

1. Butler's Motion to Dismiss (Dkt. 15) is DENIED.
2. Ozias's Motion for Summary Judgment (Dkt. 21) is DENIED.
3. Butler's Motion to Dismiss (Dkt. 29) is DENIED.

DATED: August 14, 2026

David C. Nye
U.S. District Court Judge